No. 4:14-CV-03105

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In The Matter Of: WALID MIZYED
Debtor

----------------------------

LEMARK, INC.
Appellant

v.

WALID MIZYED
Appellee

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**BRIEF FOR APPELLEE WALID MIZYED**

Susan Tran
Texas Bar No. 24075648
S.D. Tex. No. 1365044
Corral Tran Singh, LLP
Attorneys for Appellee
440 Louisiana St Ste 2450
Houston TX 77002
Ph: (713) 654-2143
Fax: (713) 654-2146
Susan.Tran@ctsattorneys.com

No. 4:14-CV-03105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In The Matter Of: WALID MIZYED
Debtor

----------------------------

LEMARK, INC.
Appellant

v.

WALID MIZYED
Appellee

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**STATEMENT REGARDING ORAL ARGUMENT**

Appellee Walid Mizyed contends that the relevant facts between the parties in this appeal are not in dispute and oral argument will not assist the Court. Nonetheless, if this Court requests oral argument, Walid Mizyed reserves his right to present oral arguments to this Court.

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………iii

TABLE OF AUTHORITIES……………………………………………………...iv

STATEMENT OF JURISDICTION……………………………..…………...1

ISSUES PRESENTED AND STANDARD OF REVIEW…….………………1

STATEMENT OF THE CASE………………………………………………….1

STATEMENT OF FACTS……………………………………………………....2

ARGUMENT……………………………………………………………………..3

I.      STANDARD OF REVIEW……………………………………………....4

II.     NO CLAIM STATED UNDER 11 U.S.C. § 523(a)(4)…………………4

   A.   No fiduciary relationship existed between Appellant and Mizyed……………….…………………………………………….……4

   B.   Appellant did not allege any statute or case law which provides for a fiduciary relationship between Mizyed and Appellant……………………………………………….……….6

III.    NO CLAIM STATED UNDER 11 U.S.C. § 523(a)(6)…………...……..6

IV.     NO CLAIM STATED UNDER 11 U.S.C. § 727(a)(4)…………………7

V.      PUBLIC POLICY SUPPORTS BANKRUPTCY COURT'S RULING……………………………………………………………………..8

CONCLUSION……………………………………………………………..………8

CERTIFICATE OF SERVICE……………………………………………………9

## TABLE OF AUTHORITIES

### STATUTES

11 U.S.C. § 523(a)(4)……………………………………………………………………….1,4,5

11 U.S.C. § 523(a)(6)……………………………………………………………………….1,6,7

11 U.S.C. § 727(a)(4)……………………………………………………………………….1,2,7

28 U.S.C. § 158……………………………………………………………………….……1,4

28 U.S.C. § 1334……………………………………………………………………………..1

28 U.S.C. § 158(a)(1)……………………………………………………………………..…4

### CASES

In re Angelle, 610 F.2d 1335, 1341 (5th Cir. 1980)……………………………….........5

In re Berry, 174 B.R. 449, 454 (Bankr. N.D. Tex. 1994)…………………………………5

In re Cantrell, 88 F.3d 344 (5th Cir. 1996). …………………………………………….....5

In re Glatt, 315 B.R. 501 (Bankr. D. N.D. 2004)………………………………………….5

Grogan v. Garner, 498 U.S. 279, 286-88 (1991). …………………………………………6,7

Kawaauhua v. Geiger, 523 U.S. 57 (1998)……………………………………………..6

In re Koch, 197 B.R. 654 (Bankr. W.D. Wis. 1996)……………………………………...5

No. 4:14-CV-03105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In The Matter Of: WALID MIZYED
Debtor

----------------------------

LEMARK, INC.
Appellant

v.

WALID MIZYED
Appellee

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**STATEMENT OF JURISDICTION**

The District Court has jurisdiction pursuant to 28 U.S.C. § 158 and 28 U.S.C. § 1334.

**ISSUES PRESENTED AND STANDARD OF REVIEW**

The issues presented on appeal are whether the Bankruptcy Court was correct in dismissing Appellant's Second Amended Complaint objecting to the Debtor's discharge under 11 U.S.C. § 523(a)(4), 11 U.S.C. § 523(a)(6), and 11 U.S.C. § 727(a)(4). Because this appeal arises from the Bankruptcy Court's dismissal of Appellant's Second Amended Complaint, the standard of review is *de novo*.

**STATEMENT OF THE CASE**

This is an appeal from the dismissal of Appellant's Second Amended Complaint for the determination of dischargeability of debt under 11 U.S.C. § 523(a)(4), 11 U.S.C. §

523(a)(6), and 11 U.S.C. § 727(a)(4) under the basis that the Second Amended Complaint did not state a cause of action for which relief could be granted.

## STATEMENT OF FACTS

Appellee, Walid Mizyed ("Mizyed"), filed for Chapter 7 bankruptcy on May 22, 2013 in the Southern District of Texas, Houston Division. Prior to the bankruptcy filing, Mizyed and Lemark, Inc., ("Appellant") had entered into a lease agreement and due to Mizyed's diminished financial circumstances, Mizyed was unable to continue making rental payments to Appellant; Appellant filed for a breach of a lease on June 26, 2009 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana for the amount of $182,728.00. Appellant's claim in the main bankruptcy case was scheduled as an unsecured debt for the judgment which was rendered against Mizyed on May 24, 2010.

Mizyed also lists Abdel H. Mizyed (hereinafter "Secured Creditor") as a secured creditor in the amount of $143,000.00 for a lien secured by Mizyed's homestead and another loan in the amount of $543,000.00 for a lien secured on certain vacant lots. Mizyed also listed several businesses for which he is one of a few shareholders and these businesses also had executed mortgages in favor of Secured Creditor.

Mizyed and his businesses received funds which gave rise to their indebtedness to Secured Creditor via multiple loans/bank transfers received from 1998 and 2009; Mizyed obtained records of these transfers and has provided this evidence to Appellant and the Bankruptcy Court. Mizyed and his businesses used these funds to purchase several pieces of real property, which are listed in Mizyed's schedules. Due to Secured Creditor's apprehension of Mizyed's financial condition and the financial condition of

Mizyed's businesses, Mizyed and his businesses granted mortgages to Secured Creditor in 2009, which were recorded in Louisiana. These properties and businesses are listed on Mizyed's bankruptcy schedules and Mizyed testified to the existence of the properties, businesses, and loans from Secured Creditor at his meeting of the creditors. In addition to Secured Creditor's claim, Mizyed's other scheduled secured claims total $278,907.29. Aside from Appellant's unsecured breach of contract claim for $182,728.00, Mizyed's unsecured claims total $916,256.99.

Appellant filed its original complaint to determine the dischargeability of debt on October 24, 2013. Mizyed timely responded to Appellant's complaint on November 25, 2013. At the scheduling conference, the Bankruptcy Court ordered Appellant to amend its complaint within 20 days to allege a suitable cause of action. Appellant amended its complaint on January 7, 2014 and Mizyed responded to the amended complaint on January 21, 2014. On July 17, 2014, the Bankruptcy Court ordered Appellant to re-plead its amended complaint within 30 days; Appellant filed its second amended complaint on August 13, 2014 for which Mizyed timely responded on August 26, 2014. On September 17, 2014, the Bankruptcy Court ordered Appellant to "show cause why complaint should not be dismissed." Appellant replied to the Bankruptcy Court's order on October 7, 2014. The Bankruptcy Court conducted the hearing on October 20, 2014, where it determined that Appellant did not state any claims for which relief could be granted and dismissed Appellant's Second Amended Complaint.

## SUMMARY OF ARGUMENT

Appellant has failed to state any appropriate causes of action in its Original Complaint, Amended Complaint, and Second Amended Complaint. Appellant was

afforded an additional opportunity to ameliorate its "causes of action" at the show cause hearing on October 20, 2014 but Appellant was still unable to properly state a cause of action for which relief could be granted as Appellant's only cause of action is a breach of contract claim. Appellant's breach of contract/lease agreement claim does not fit within the confines of 11 U.S.C. § 523(a) or 11 U.S.C. § 727 as Walid Mizyed did not owe any fiduciary duty to Appellant, nor were the mortgages to Secured Creditor given with the intent to maliciously injure Appellant. The Bankruptcy Court's dismissal of Appellant's Second Amended Complaint must be affirmed.

## ARGUMENT

### I. STANDARD OF REVIEW

A district court has jurisdiction to hear appeals from final orders issued by a bankruptcy court. 28 U.S.C. § 158(a)(1) (2014). Because this appeal arises from the Bankruptcy Court's dismissal of Appellant's Second Amended Complaint, the standard of review is *de novo.*

### II. NO CLAIM STATED UNDER 11 U.S.C. § 523(a)(4)

The Bankruptcy Court did not err in finding that no claim was stated under 11 U.S.C. § 523(a)(4) as this specific cause of action requires a fiduciary duty between Mizyed and Appellant or Mizyed's companies and Appellant. The Bankruptcy Code provides "a discharge under 727, 1141, 1228(a) 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4) (2014). Appellant alleges that Mizyed defrauded Appellant while acting in a fiduciary capacity as an officer for his businesses. Mizyed gave Secured Creditor a security interest in his properties and

real property owned by his businesses because Secured Creditor had loaned Mizyed and his businesses hundreds of thousands of dollars.

### A. *No fiduciary relationship existed between Appellant and Mizyed.*

It is a well founded principle that in order to allege the specific cause of action under 11 U.S.C. § 523(a)(4) or to except a debt from discharge for fraud in a fiduciary capacity, a fiduciary relationship must have existed between the debtor and the complainant. See In re Cantrell, 88 F.3d 344 (5th Cir. 1996). The elements required to establish fiduciary trust are (1) the existence of trust; (2) debtor having been a fiduciary of that trust; and (3) fraud or defalcation by the debtor while acting as a fiduciary of trust. In re Koch, 197 B.R. 654 (Bankr. W.D. Wis. 1996); In re Eisenberg, 189 B.R. 725 (Bankr. ED. Wis. 1995).

Appellant has not alleged a violation of express trust imposed by either contract or statute to support its claim that Mizyed is not entitled to a discharge under 11 U.S.C. § 523(a)(4). An express trust may be created by express agreement, by the direct acts of the parties, written instrument, or a technical trust imposed by law. See In re Berry, 174 B.R. 449, 454 (Bankr. N.D. Tex. 1994); In re Angelle, 610 F.2d 1335, 1341 (5th Cir. 1980). Appellant alleges in its Second Amended Complaint that its debt should be excepted from discharge under 11 U.S.C. § 523(a)(4) but has failed to allege facts showing Mizyed made a false representation to Appellant nor does the Second Amended Complaint state any facts which show Mizyed owed a fiduciary duty to Appellant. A mere breach of contract claim does not except Appellant's unsecured claim from discharge. See In re Glatt, 315 B.R. 501 (Bankr. D. N.D. 2004). In Glatt, the court found that a purely contractual relationship existed between the creditor/lessor and the Chapter

7 debtor was not a fiduciary relationship of the kind required in order to except the claim from discharge.  Id.  Appellant's Second Amended Complaint, Amended Complaint, and Original Complaint did not allege any facts which showed any relationship, other than a lessor/debtor relationship, existed between Appellant and Mizyed.

> B. *Appellant did not allege any statute or case law which provides for a fiduciary relationship between Mizyed and Appellant.*

The plaintiff has the burden of establishing the exception by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 286-88 (1991).  The Bankruptcy Court has given Appellant three opportunities to amend its complaint to search for a statute or case law for a basis of a fiduciary relationship and Appellant has yet to do so. Appellant's Original Complaint was filed on October 23, 2013 and as it has been well over a year since the original complaint was filed, the facts do not exist for which Appellant can allege that Mizyed owed a fiduciary duty to Appellant in order to except its claim from discharge.

III.    NO CLAIM STATED UNDER 11 U.S.C. § 523(a)(6)

Appellant has not alleged any facts which show Mizyed caused any injury to Appellant or Appellant's property or any facts that show injury caused willfully or maliciously.  Appellant alleges Mizyed "injured" Appellant by giving Secured Creditor a security interest in Mizyed's property and his business properties.  At the time Mizyed executed these mortgages, Appellant had no interest in any of Mizyed's properties or business properties.  Mizyed had given a security interest to Secured Creditor in his properties and business properties, due to the loans totaling in the hundreds of thousands of dollars for which Secured Creditor loaned Mizyed and his businesses in order to finance the purchase of Mizyed's real properties and business properties.  Even if

Appellant can make the argument that it had some interest in Mizyed's properties and business properties, Appellant cannot show that the granting of the mortgages were done with the sole intent to commit malicious injury to Appellant. See <u>Kawaauhua v. Geiger</u>, 523 U.S. 57 (1998).

IV.     NO CLAIM STATED UNDER 11 U.S.C. § 727(a)(4)

Appellant's Second Amended Complaint alleged that Mizyed should be denied a discharge under 11 U.S.C. § 727(a)(4) on the basis that Mizyed made a false oath by scheduling the mortgages to Secured Creditor and made false representations concerning these mortgages at his meeting of the creditors. 11 U.S.C. § 727(a)(4) provides that a debtor should be denied a discharge if the debtor knowingly and fraudulently makes a false oath or account in connection with the case. 11 U.S.C. § 727(a)(4) (2014). Mizyed testified as to the existence of the mortgages granted to Secured Creditor because Mizyed was required to testify under penalty of perjury as a debtor seeking bankruptcy relief; Mizyed also scheduled his indebtedness to Secured Creditor as he was required to list all of his financial obligations under penalty of perjury.

To its own complaints, Appellant attached copies of the mortgages made by Mizyed in favor of Secured Creditor. These were mortgages recorded in the real property records of the clerk of court and recorder of East Baton Rouge Parish, Louisiana; this in itself establishes that the existence of the mortgages; therefore, the scheduling and testimony regarding these mortgages is truthful. Mizyed has provided Appellant with bank statements evidencing the money transfers from Secured Creditor.

V.  PUBLIC POLICY SUPPORT'S BANKRUPTCY COURT'S RULING

The policy behind the Bankruptcy Code is for an honest but unfortunate debtor to receive a fresh start.  See Grogan v. Garner, 498 U.S. 279 (1991).  While the Bankruptcy Code does limit a fresh start by exempting certain debts from discharge, the Bankruptcy Code did not intend for allegers of fraud to except their debts from discharge without meeting their burden of proof.  See Id.  It is well established that preponderance of the evidence is the standard of proof of dischargeability exceptions; while this is a lower threshold than other standards, it is a threshold that must be met all the same.  The Bankruptcy Court afforded Appellant multiple opportunities to re-plead its complaint to bring an appropriate cause of action.  Appellant has failed to allege facts that resemble the causes of action that it seeks to bring.  Mizyed is an honest and unfortunate debtor as contemplated in the Bankruptcy Court and is entitled to a fresh start.

## CONCLUSION

Appellee, Walid Mizyed, argues that for the reasons stated above the Bankruptcy Court was correct in its dismissing the Appellant's second amended complaint.

DATE: January 2, 2015

                        Respectfully submitted,

                        **CORRAL TRAN SINGH, LLP**

                        */s/Susan Tran*
                        Susan Tran
                        SBN: 24075648
                        440 Louisiana St Ste 2450
                        Houston TX 77002
                        Ph: (713) 654-2143
                        Fax: (713) 654-2146
                        Susan.Tran@ctsattorneys.com

## **ATTORNEYS FOR APPELLEE WALID MIZYED**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 2, 2015, I have personally served a copy of Appellee Mizyed's Brief on those entities listed below via facsimile.

                                         */s/Susan Tran*
                                         Susan Tran

Bartley P. Bourgeois
David M. Cohn
M. Virginia Kelly Smith
Cohn Law Firm
10754 Linkwood Ct
Baton Rouge, LA 70810
Telephone: (225) 769-0858
Fax: (225) 769-1016
Attorneys for Appellant Lemark, Inc.

Allison D. Byman
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 328-2834
Fax: (713) 759-6834
Chapter 7 Trustee

## APPENDIX

## STATUTES

<u>11 U.S.C. § 523(a)(4), (a)(6).  Exceptions to discharge.</u>

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

    (1-3) (omitted.)

    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

    (5) (omitted.)

    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

    (7-18) (omitted.)

<u>11 U.S.C. § 727(a)(4).  Discharge.</u>

(a) The court shall grant a debtor a discharge unless—

    (1-3) (omitted.)

    (4) the debtor knowingly and fraudulently, in or in connection with the case--

        (A) made a false oath or account;

        (B) presented or used a false claim;

        (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

        (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

    (5-12) (omitted.)

28 U.S.C. § 158.  Appeals.

(a) The district courts of the United States shall have jurisdiction to hear appeals

    (1) from final judgments, orders, and decrees;

    (2) from interlocutory orders and decrees issued under section 1121 (d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

    (3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 1334.  Bankruptcy cases and proceedings.

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)

    (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

    (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158 (d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.